UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN KRAUSE, | No. 2:18-cv-00928 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| HAWAIIAN AIRLINES, INC., | |
| Defendant. | |

This matter is before the court on defendant's motion to strike plaintiff's expert disclosures, pursuant to Federal Rule of Civil Procedure 37(c)(1). ECF No. 9. This discovery motion was referred to the undersigned pursuant to Local Rule 302(c)(1). The matter was taken under submission without oral argument, pursuant to Local Rule 230(g). ECF No. 16. Upon review of the record and the parties' briefs, the motion will be DENIED for the following reasons.

### I.     Relevant Background

Plaintiff is suing defendant Hawaiian Airlines, Inc., for personal injuries she sustained on one of its flights. ECF No. 1.1. The case was removed to this court on April 16, 2018. ECF No. 1. On June 19, 2018, the court issued a Pretrial Scheduling Order ("Scheduling Order"), establishing the following relevant deadlines: (1) designation of expert witnesses due by 4/19/2019; (2) supplemental disclosure and disclosure of any rebuttal experts made by 4/26/2019;

1

(3) all discovery completed by 6/21/2019; (4) dispositive motions to be heard on 8/13/2019; (5) final pretrial conference set for 9/27/2019; and (6) jury trial set for 11/4/2019. ECF No. 8.

In July 2018, plaintiff made her initial disclosures. As relevant to the instant motion, the initial disclosures listed the following witnesses and information:

> 2. Sutter Medical Center, 2825 Capitol Avenue, Sacramento, CA 95816, 916-887-0000.
> <u>Subject of Information</u>: Plaintiff's treatment and injuries on the date of the incident.
>
> 3. Dr. Robert Hulbert, D.C., Power Inn Chiropractic, 8280 Folsom Blvd., Suite A Sacramento, CA 95826, 916-387-1007.
> <u>Subject of Information</u>: Plaintiff's treatment and injuries following the incident. Specifically, Dr. Hulbert has knowledge and information regarding Plaintiffs chiropractic treatment required as a result of the incident.
>
> 4. Roy Martinez, M.D., University Medical Imaging 500 University Ave. # 117, Sacramento, CA 95825, 916-922-6747.
> <u>Subject of Information</u>: Plaintiff's injuries following the incident and review of diagnostic imaging.
>
> 5. Dr. Marc Maskowitz, M.D., Paincare Medical Practice, 1321 Howe Avenue, Suite 225, Sacramento, CA 95825, 916-564-2225.
> <u>Subject of Information</u>: Plaintiff's injuries and treatment following the incident.
>
> 6. Mark Hansberry, P.T., Burger Physical Therapy, 1301 E Bidwell St., Ste. 101, Folsom, CA 95630, 916-983-5900.
> <u>Subject of Information</u>: Plaintiff's injuries and treatment following the incident.
>
> . . .
>
> 8. Dr. Santi Rao, M.D., California Spine Care, 2291 Pacheco Street, Concord, California 94520, 925-691-1700.
> <u>Subject of Information</u>: Plaintiff's injuries and treatment following the incident.
>
> 9. Dr. Amir Jamali, M.D., Berkeley Orthopedic Consultants, Inc., 2825 J Street., #440, Sacramento, CA 95816, 916-492-2110.
> <u>Subject of Information</u>: Plaintiff's injuries and treatment following the incident.
>
> 10. David Stoler, M.D., Diagnostic Radiological Imaging, 79 Scripps Drive, Suite 100, Sacramento, CA 95825, 310-445-2800.
> <u>Subject of Information</u>: Plaintiff's injuries following the incident and review of diagnostic imaging.

ECF No. 14.1 at 6-9.

////

On April 19, 2019, in keeping with the Scheduling Order, defendant made its expert disclosures. ECF No. 9.2 at 2. Plaintiff received defendant's expert disclosures on April 25, 2019 and the same day mailed her expert disclosures to defendant by regular mail. ECF No. 14.1 at 4. Plaintiff's expert disclosures list only the names and addresses of the following eight non-retained experts, and one retained expert:

<u>Non-Retained Experts</u>

1. Dr. Bahram Varjavand of Sutter Medical Center
2. Dr. Robert Hulbert, D.C., of Power Inn Chiropractic
3. Dr. Roy Martinez, M.D., of University Medical Imaging
4. Dr. Marc Maskowitz, M.D., of Paincare Medical Practice
5. Dr. Mark Hansberry of Burger Physical Therapy
6. Dr. Santi Rao, M.D., of California Spine Care
7. Dr. Gina Creutzburg, M.C., of Diagnostic Radiological Imaging
8. Dr. Amir Jamali, M.D., of Berkeley Orthopedic

<u>Retained Expert</u>

9. Alan Black, PE, CSP, CFI-A, of adbForensics, Inc.

Plaintiff attached a one-page declaration by her counsel stating that Mr. Black would testify to the aircraft "cause and failures," and attached Mr. Black's resume. ECF No. 9.2 at 7-10.

Defendant received plaintiff's Expert Disclosures the week of April 29, 2019—after the deadline for rebuttal expert disclosures had passed. ECF No. 9.2 at 2. On May 29, 2019, defendant filed the instant motion. ECF No. 9.

**II. Motion**

Defendant moves to strike plaintiff's expert disclosures as untimely and incomplete, pursuant to Rule 37(c)(1). Both parties agree that plaintiff's expert disclosures were untimely and failed to meet the requirements of Federal Rule of Civil Procedure 26(a)(2). Defendant argues that this noncompliance necessitates the exclusion of any opinion evidence from these experts at trial, as a sanction under Rule 37(c)(1). ECF No. 9.1.

////

Plaintiff argues that, while counsel's failure to comply with the Scheduling Order is inexcusable, exclusionary sanctions are not warranted because the failure was substantially justified and harmless. ECF No. 14 at 6-11. Plaintiff's counsel explains that, in February 2019, he began transferring several hundred of his cases—including this one—from his former firm to his present firm. ECF No. 14.1 (Caraway Decl.) at 2. In the transition process, numerous "calendaring errors" occurred, which have caused counsel to miss deadlines in multiple cases. Id. at 3. Counsel discovered the calendaring issue sometime in April 2019, and began manually auditing every case file to cure the defects, starting with cases with statute-of-limitations concerns. Id. Counsel did not become aware that he had missed the expert disclosures deadline in this case until he received defendant's expert disclosures on April 25, 2019. Id. at 4. As soon as he received defendant's disclosures, he rushed to provide plaintiff's expert information immediately, without providing all of the required information. ECF No. 14 at 8.

Plaintiff argues that her untimely and incomplete expert disclosure was substantially justified as a result of counsel's transition between firms, and that defendant has not been prejudiced by the deficient disclosure because: (1) discovery has not yet closed and could be extended without affecting the trial deadlines; (2) plaintiff's disclosed experts are "essentially the same" as those disclosed in her initial disclosures, which described the subject matter of their anticipated testimony; (3) plaintiff's new disclosure of aviation expert Alan Black would not prejudice defendant because it had already disclosed its own aviation expert; and (4) striking all of plaintiff's experts would "severely hinder" her ability to present her case on the merits. Id. at 9-10.

**III. Discussion**

A. Legal Standards

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial. Fed. R. Civ. P. 26(a)(2)(A). For each "retained" expert, Rule 26(a)(2)(B) requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other

information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B). An expert's report must be "detailed and complete." Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 300 (D. Nev. 1998) (quoting Sierra Club v. Cedar Point Oil Co., Inc., 73 F.3d 546, 571 (5th Cir. 1996)). Disclosure of a non-retained expert must state: (1) the subject matter on which the witness is expected to present evidence, and (2) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

The expert witness disclosure requirement is intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses. See Adv. Comm. Notes to 1993 Amendments. Both the Rule 26(a)(2)(B) written report and the Rule 26(a)(2)(C) disclosure "share the goal of increasing efficiency and reducing unfair surprise." Brown v. Providence Med. Ctr., No. 8:10-CV-230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011).

"A party's failure to comply with the rules regarding expert witnesses exposes that party to sanctions under Federal Rule of Civil Procedure 37(c)." Gorrell v. Sneath, No. 1:12-CV-0554-JLT, 2013 WL 4517902, at *2 (E.D. Cal. Aug. 26, 2013). If a party fails to provide information required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In addition to or instead of this exclusionary sanction, the court may also impose lesser sanctions. Id. The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which "gives teeth to the Rule 26(a) disclosure requirements." Yeti by Molly, Ltd. v. Deckers Outdoor Corp. ("Yeti"), 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) is a "recognized broadening of the sanctioning power," id., which the Federal Rules Advisory Committee described as a "self-executing,"
////

"automatic" sanction to "provide[ ] a strong inducement for disclosure of material . . . ," Adv. Comm. Notes to 1993 Amendments.

As state above, the rule provides two exceptions to the otherwise "automatic" sanction of witness preclusion: where the failure to disclose the required information is (1) "substantially justified," or (2) "harmless." Fed. R. Civ. P. 37(c)(1); see Yeti, 259 F.3d at 1106. "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012).

In addition, when determining whether to impose Rule 37(c)(1)'s exclusionary sanction, the district court is to consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Wendt v. Host International, Inc., 125 F.3d 806, 814 (9th Cir. 1997); see also Lanard Toys, Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (explaining that these five factors should be considered when deciding whether the untimely disclosure was harmless).

B. Exclusionary Sanctions Are Not Warranted in This Case

It is undisputed that plaintiff's expert disclosure was untimely and woefully inadequate. Plaintiff made her expert disclosure six days after the April 19 deadline established in the Scheduling Order. Plaintiff's production contains no written report whatsoever from Mr. Black, her retained expert, and virtually none of the information required by Rule 26(a)(2)(B)(i)-(vi). As to her non-retained experts, plaintiff provided neither the subject matter of their testimony, nor a summary of the facts and opinions to which they would testify, see Fed. R. Civ. P. 26(a)(2)(C)(i), (ii). The court notes that six of the nine experts were included in plaintiff's initial disclosures, along with a description of the information they could provide.[1]

As plaintiff's counsel acknowledges, this failure to comply with the Scheduling Order and with the Federal Rules is inexcusable. Nevertheless, perhaps equally dubious is defendant's

---

[1] Alan Black and Drs. Bahram Varjavand and Gina Creutzburg were not listed in plaintiff's initial disclosures.

6

decision to wait almost a full month (until the discovery deadline was three weeks away) and then move to strike the disclosure in its entirety—rather than promptly seeking to compel supplemental disclosures. While the Federal Rules permit such a choice,[2] in these circumstances, the court exercises its "wide discretion" and opts not to impose exclusionary sanctions in an effort to deter what could be perceived as an attempt to scuttle plaintiff's case on procedural grounds when ample time remained to cure the nondisclosure. See Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial (2019) ¶¶ 11:415-416 ("As a practical matter, . . . the court is not likely to exclude an expert's testimony because of an insufficient report unless the attorney promptly moved for more adequate disclosures."); Intercargo Ins. Co. v. Burlington N. Santa Fe R.R., 185 F. Supp. 2d 1103, 1107 (C.D. Cal. 2001) (holding that, because defendants did not seek to compel a more adequate disclosure within a reasonable time of service of the expert reports, they could not now seek to exclude plaintiff's experts); see also Lobato v. Ford, No. CV.A. 05-CV-01437LTB, 2007 WL 3342598, at *7 (D. Colo. Nov. 9, 2007) ("An aggrieved party is expected to seek judicial intervention in a timely manner."); In re Leap Wireless Int'l, Inc., 301 B.R. 80, 83–84 (Bankr. S.D. Cal. 2003) (stating that "generally, the remedy for a deficient expert report is a motion to compel in advance of trial," and holding that the motion to strike was "waived" where moving party did not move to compel or introduce evidence that it made any informal requests for more adequate disclosures).[3]

---

[2] Litigants are not required to bring a motion to compel disclosure before seeking the sanction of exclusion. See Wright & Moore, 8B Fed. Prac. & Proc. Civ. § 2289.1 (3d ed.) ("The sanction is automatic in the sense that there is no need for the opposing party to make a motion to compel disclosure . . . as a predicate for imposition of the sanction of exclusion."); Silver State Broad., LLC v. Bergner, 705 F. App'x 640, 641 (9th Cir. 2017) (unpublished) ("[B]ecause Rule 37(c)(1) establishes an automatic exclusion sanction for violations of that rule, [defendant] did not need to move to compel disclosure before seeking sanctions.") (citing R & R Sails, 673 F.3d at 1243, 1246–47). The Rule 37(c)(1) sanction is intentionally harsh, and "[c]ourts have upheld the use of the [exclusion] sanction even when a litigant's entire cause of action or defense has been precluded." Yeti, 249 F.3d at 1106 (citation omitted).

[3] Because the Federal Rules do not require a prior motion to compel as a predicate to exclusion sanctions, the undersigned does not find that defendant "waived" its right to bring the instant motion to strike. See Silver State, 705 F. App'x at 641 (holding that defendant did not waive his objection to damages evidence by failing to move to compel because Rule 37(c)(1) establishes "an automatic exclusion sanction" for violations of Rule 26(a)).

In any event, the court agrees with plaintiff that the failure to timely disclose her experts is harmless in this instance. While any disregard for the court's scheduling orders is a serious matter, the undersigned concludes that, on balance, the Wendt factors weigh against preclusion of plaintiff's experts' opinions. See Wendt, 125 F.3d at 814 (considering (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions).

In this case, the first three factors do not favor sanctions because the trial date can remain the same, and only minimal alteration of the Scheduling Order is required to make up for plaintiff's noncompliance. Discovery remains open, pursuant to the original Scheduling Order, for another two weeks; and the dispositive motions hearing date is more than two months away. See Jackson v. United Artists Theatre Circuit, Inc., 278 F.R.D. 586, 595 (D. Nev. 2011) (finding delayed disclosure less harmful because it did not require that discovery be reopened); Flanagan v. Benicia Unified Sch. Dist., No. CIV S–07–0333 LKK GGH, 2007 WL 2601413, at *2 (E.D. Cal. Sept. 6, 2007) (finding evidentiary sanctions not warranted because discovery cutoff had not yet passed). Cf. Ingenco Holdings, LLC v. Ace Am. Ins. Co., 921 F.3d 803, 821–22 (9th Cir. 2019) (late disclosure was not harmless because it disrupted both defendant's and the court's schedules); Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008), as amended (Sept. 16, 2008) (late disclosure was not harmless where it would likely require court to create a new briefing schedule and re-open discovery); Nat'l R.R. Passenger Corp. v. Young's Commercial Transfer, Inc., No. 1:13-CV-01506-DAD-EPG, 2016 WL 1573262, at *6, 2016 U.S. Dist. LEXIS 52399, at *17-18 (E.D. Cal. Apr. 19, 2016) (finding that the first three Wendt factors favored exclusion where all discovery had closed, the time for the filing of dispositive law and motion had passed, and final pretrial conference was less than six weeks away).

The fourth factor, favoring the resolution of cases on their merits, weighs heavily against defendant's request to strike plaintiff's disclosure altogether. Excluding evidence from all of plaintiff's experts—her treating physicians and aviation expert—would be tantamount to a dismissal sanction in this personal injury action. In such circumstances, the Ninth Circuit

8

requires a showing of "willfulness, fault, or bad faith." R & R Sails, 673 F.3d at 1247 (reaffirming that, where Rule 37(c)(1) exclusion sanction amounts to dismissal of a claim, district courts must consider whether the "claimed noncompliance involved willfulness, fault, or bad faith" as part of its harmlessness inquiry). There is no evidence that plaintiff's counsel came anywhere near such a threshold.

Finally, lesser sanctions are available, although court declines to impose any sanctions beyond setting a tight deadline for plaintiff to bring her expert disclosures into compliance with the Federal Rules.

In sum, because defendant unreasonably delayed addressing the inadequate disclosures, and because plaintiff's failure to comply with Rule 26(a)(2) was harmless, defendant's motion to strike is denied. This denial is without prejudice to the motion's renewal, should plaintiff fail to provide complete expert disclosures within the timeframe set forth below.

### IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike plaintiff's expert disclosure (ECF No. 9) is DENIED without prejudice;
2. Plaintiff shall provide to defendant expert disclosures that fully comply with Fed. R. Civ. P. 26(a)(2)(B) and (C) no later than June 14, 2019 at 4:30 pm; and
3. The deadline for rebuttal expert disclosure is extended to June 21, 2019. All other dates provided in the pretrial scheduling order (ECF No. 8) remain the same.

IT IS SO ORDERED.

DATED: June 7, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE