# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN KRAUSE,<br><br>Plaintiff,<br><br>v.<br><br>HAWAIIAN AIRLINES, INC.,<br><br>Defendant. | No. 2:18-cv-00928 JAM AC<br><br><br>ORDER |

This matter is before the court on defendant's ex parte application for a renewed motion to strike plaintiff's expert disclosures, pursuant to Federal Rule of Civil Procedure 37(c)(1). ECF No. 23. This discovery motion was referred to the undersigned pursuant to Local Rule 302(c)(1). Upon review of the record and the parties' briefs, the motion will be GRANTED in part and DENIED in part for the following reasons.

**I.  Relevant Background**

Plaintiff is suing defendant Hawaiian Airlines, Inc., for negligence after she was injured as a passenger on one of its flights. ECF No. 1.1 at 1-4. The case was removed to this court on April 16, 2018. ECF No. 1. On June 19, 2018, the court issued a Pretrial Scheduling Order ("Scheduling Order"), establishing the following relevant deadlines: (1) designation of expert witnesses due by 4/19/2019; (2) supplemental disclosure and disclosure of any rebuttal experts made by 4/26/2019; (3) all discovery completed by 6/21/2019; (4) dispositive motions to be heard

1

on 8/13/2019; (5) final pretrial conference set for 9/27/2019; and (6) jury trial set for 11/4/2019. ECF No. 8.

### The Parties' Original Expert Disclosures

On April 19, 2019, in keeping with the Scheduling Order, defendant made its expert disclosures. ECF No. 23.2 at 2. As relevant to the instant motion, defendant disclosed a retained liability expert, including the expert's report, supported by photos and exhibits, pursuant to Fed. R. Civ. P. 26(a)(2)(B).[1] Id. at 3.

Owing to previously undetected calendaring issues that arose in the course of plaintiff's counsel transitioning to a new firm starting in February 2019, plaintiff did not timely serve her expert disclosures. ECF No. 25.1 at 2. Upon receiving defendant's expert disclosures on April 25, 2019, plaintiff's counsel realized that many deadlines in this case had not been transferred properly. ECF No. 25 at 4. The same day, plaintiff's counsel drafted and mailed plaintiff's expert disclosures to defendant by regular mail. Id. Plaintiff's expert disclosures listed only the names and addresses of eight non-retained experts, and one retained expert, Mr. Alan Black, who was to testify about the aircraft's defects. ECF No. 23.2 at 7-8. Plaintiff did not include for Mr. Black a written report containing the information required for disclosures of retained experts, nor did she indicate the subject matter or facts and opinions of her non-retained experts' testimony. Id. Defendant received plaintiff's purported expert disclosures the week of April 29, 2019—after the original deadline for rebuttal expert disclosures had passed. ECF No. 9.2 at 2.

On May 29, 2019, defendant moved to strike plaintiff's expert disclosures as untimely and incomplete, pursuant to Fed. R. Civ. P. 37(c)(1). ECF No. 9. On June 7, 2019, the undersigned issued an order denying the motion. ECF No. 17. The court found that plaintiff's expert disclosure was "untimely and woefully inadequate" because it contained virtually none of the information required by Rule 26(a)(2)(B) for retained experts, and as to the non-retained experts, plaintiff had "provided neither the subject matter of their testimony, nor a summary of the facts

---

[1] The court has not been provided a copy of defendant's expert disclosures but bases this statement on defense counsel's description provided in his supporting declaration.

and opinions to which they would testify," as required by Fed. R. Civ. P. 26(a)(2)(C). Id. at 6. Nevertheless, the court concluded that exclusionary sanctions were not warranted at the time because defendant waited an unreasonable time before seeking to cure the deficiencies, and because the deficient disclosure was harmless in light of the time remaining before discovery closed. Id. at 6-9. The court ordered plaintiff to provide fully compliant expert disclosures by June 14, 2019; extended the rebuttal expert disclosure deadline to June 21, 2019; and kept all other deadlines in place. Id. at 9. Notably, the motion to strike was denied without prejudice to its renewal, should plaintiff fail to comply. Id.

On June 13, 2019, plaintiff filed an ex parte application to extend the discovery cut-off deadline, citing numerous difficulties and disputes between opposing counsel. ECF No. 18. On June 19, 2019, the District Judge granted in part plaintiff's application, extending the discovery period from June 21, 2019 to October 19, 2019 and adjusting the remaining scheduling deadlines accordingly. ECF No. 22.

Plaintiff's Amended Expert Disclosures

Meanwhile, on June 14, 2019, plaintiff timely served her amended expert disclosures. ECF No. 23.2 at 15-22. Therein, plaintiff identified thirteen non-retained experts, all medical providers who treated plaintiff after her injury. Id. Plaintiff also identified three retained experts: Mr. Black, her previously identified liability expert; Dr. Amir Jamali, M.D., one of plaintiff's treating physicians (originally listed as a non-retained expert) to testify about the cause of plaintiff's injuries, their treatment, and her future prognosis; and Ms. Dorajane Apuna-Grummer, DHA, RN, to provide an analysis of plaintiff's medical bills. Id. at 20-79.

On June 19, 2019, defendant filed the instant motion to strike plaintiff's amended expert disclosures, pursuant to Rule 37(c)(1), for failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C). ECF No. 23. Defendant seeks to strike the amended expert disclosures in their entirety, or, in the alternative, requests a 30-day extension to rebut any experts not stricken. Id.

////

////

**II.     Discussion**

A. <u>Legal Standards</u>

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial. Fed. R. Civ. P. 26(a)(2)(A). For each "retained" expert, Rule 26(a)(2)(B) requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B). An expert's report must be "detailed and complete." <u>Elgas v. Colorado Belle Corp.</u>, 179 F.R.D. 296, 300 (D. Nev. 1998) (quoting <u>Sierra Club v. Cedar Point Oil Co., Inc.</u>, 73 F.3d 546, 571 (5th Cir. 1996)). Disclosure of a "non-retained" expert must state: (1) the subject matter on which the witness is expected to present evidence, and (2) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

The expert witness disclosure requirement is intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses. <u>See</u> Adv. Comm. Notes to 1993 Amendments. Both the Rule 26(a)(2)(B) written report and the Rule 26(a)(2)(C) disclosure "share the goal of increasing efficiency and reducing unfair surprise." <u>Brown v. Providence Med. Ctr.</u>, No. 8:10-CV-230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011).

"A party's failure to comply with the rules regarding expert witnesses exposes that party to sanctions under Federal Rule of Civil Procedure 37(c)." <u>Gorrell v. Sneath</u>, No. 1:12-CV-0554-JLT, 2013 WL 4517902, at *2 (E.D. Cal. Aug. 26, 2013). If a party fails to provide information required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or

4

harmless." Fed. R. Civ. P. 37(c)(1). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which "gives teeth to the Rule 26(a) disclosure requirements." Yeti by Molly, Ltd. v. Deckers Outdoor Corp. ("Yeti"), 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) is a "recognized broadening of the sanctioning power," id., which the Federal Rules Advisory Committee described as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material . . . ," Adv. Comm. Notes to 1993 Amendments.

As stated above, the rule provides two exceptions to the otherwise "automatic" sanction of witness preclusion: where the failure to disclose the required information is (1) "substantially justified," or (2) "harmless." Fed. R. Civ. P. 37(c)(1); see Yeti, 259 F.3d at 1106. "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012).

In addition, when determining whether to impose Rule 37(c)(1)'s exclusionary sanction, the district court is to consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Wendt v. Host International, Inc., 125 F.3d 806, 814 (9th Cir. 1997); see also Lanard Toys, Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (explaining that these five factors should be considered when deciding whether the untimely disclosure was harmless).

B. Analysis

   1. *Retained Experts*

      a. *Mr. Black*

In her amended expert disclosures, plaintiff states that Mr. Black was "retained to provide rebuttal testimony and expert opinion in regards to liability, causation, and the report completed by Defendant's retained expert." ECF No. 23.2 at 21. Plaintiff attached a summary of Mr. Black's professional experience, a curriculum vitae, a fees schedule, and a list of cases in which he has previously testified. Id. at 81-86. While these documents satisfy some of the requirements

of Rule 26(a)(2)(B), notably absent from the disclosure is a complete statement of Mr. Black's opinions and the basis and reasons therefor, the data or other information he considered in forming the opinions, and any exhibits to be used. See Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). Given these omissions, the court concludes that plaintiff has again failed to provide an adequate disclosure of Mr. Black's expert testimony, under Rule 26(a)(2)(B).

The question thus becomes whether plaintiff has shown that her failure to disclose was substantially justified or harmless. See Fed. R. Civ. P. 37(c)(1); Yeti, 259 F.3d at 1106. Plaintiff argues that she has "provided all of the information [she] could" with regard to Mr. Black because defendant has "blocked" her from gathering the necessary information to provide to Mr. Black as the basis for his opinion. ECF No. 25 at 7-9. Specifically, plaintiff complains that defendant has not answered her discovery requests, has not provided witnesses for depositions, and has denied her requests to inspect the subject aircraft. Id. at 7. She also contends, somewhat cryptically, that "at a minimum" she "intended to disclose Mr. Black as a rebuttal expert to Defendant's expert." Id.

The court is not persuaded that the cited obstacles substantially justify plaintiff's omissions. If plaintiff's ability to produce a timely expert opinion was impeded by defense failures to respond to discover, plaintiff could have brought motions to compel the necessary production at any point over the last six months since the dispute over inspection of the aircraft apparently began. Although plaintiff's counsel laudably attempted to resolve the parties' discovery disagreements informally, such attempts do not absolve plaintiff of the duty to provide complete expert disclosures. At the very least, plaintiff could have provided a preliminary report of Mr. Black's opinions in response to defendant's expert report, which she has possessed since defendant timely made its expert disclosures over two months ago. Cf. Yeti, 259 F.3d at 1106-07 (noting that litigant could have issued a preliminary expert report to be supplemented after the opposing expert's report had been modified). Finally, even if plaintiff was intending to disclose Mr. Black purely as a rebuttal expert, a full written report would nonetheless have been required by the extended rebuttal expert disclosure deadline of June 21, 2019. Cf. id. at 1105-07 (implicitly rejecting as reason for failing to provide a written report party's stated justification

that expert would be used only as a rebuttal witness).

The court also finds that the failure to provide a complete written report of Mr. Black's expert opinion was not harmless. "Where a court order is violated, the first [Wendt] factor supports case-dispositive sanctions." Herb Reed Enters. v. Monroe Powell's Platters, LLC, No. 2:11-cv-02010-PMP-NJK, 2013 WL 3729720, at *4, 2013 U.S. Dist. LEXIS 97559, at *14 (D. Nev. July 11, 2013) (citing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)). Here, plaintiff has violated the court's June 7 order to provide fully compliant expert disclosures. Second, although the overall discovery cut-off has been extended, the deadlines for rebuttal and supplemental expert disclosures has now passed, and the court refuses to continue to inch those deadlines back. See Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Disruption to the schedule of the court and other parties . . . is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to."). Third, without disclosure of Mr. Black's testimony, defendant has been deprived of the ability to prepare for and take his deposition. See Fed. R. Civ. P. 26(b)(4)(A) ("If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided."). Although the fourth factor favoring resolution of cases on the merits may cut against excluding Mr. Black, it is not enough to overcome the other factors in favor. Finally, the court has already attempted to avoid this harsh sanction by providing plaintiff a second opportunity to adequately disclose her experts' testimony. The court will not give her a third.

Accordingly, it is appropriate to exclude expert opinions from Mr. Black as a sanction under Rule 37(c)(1). Defendant's motion is granted with respect to Mr. Black.

### b. *Dr. Jamali & Ms. Apuna-Grummer*

By contrast, plaintiff's amended expert disclosures contain all of the necessary information under Rule 26(a)(2)(B) with regard to her newly identified retained experts, Dr. Jamali and Ms. Apuna-Grummer. Defendant does not contend otherwise. Rather, defendant objects to these retained experts because they were retained and provided their opinions only after the undersigned's June 7 order requiring plaintiff to amend her expert disclosures. ECF No. 23.1

at 16.  Defendant also argues that these experts' reports address issues and discovery that defendant is learning about for the first time and could not respond to by the current rebuttal expert disclosure deadline.  Id. at 16-18.

While the court agrees that the addition of new retained experts appears to take advantage of the leeway plaintiff was granted, the court's June 7 order did not limit plaintiff to her originally disclosed experts.  Accordingly, the court cannot find their addition improper.  Because the disclosures of Dr. Jamali and Ms. Apuna-Grummer comport with Rule 26(a)(2)(B), the court will deny defendant's motion to strike as to them.  In fairness, therefore, the court will grant a 30-day extension ***for defendant only*** to disclose any experts to provide rebuttal testimony with respect to the opinions of Dr. Jamali and Ms. Apuna-Grummer.

### 2. *Non-Retained Experts*

Plaintiff's amended expert disclosures also identify thirteen medical providers, including the doctors who treated her immediately following the incident, her treating chiropractor, the radiologists who performed her MRIs, and other medical professionals who provided continuing care and evaluation over her recovery process.  ECF No. 23.2 at 15-20.  For each expert, plaintiff provided a thorough summary of the subject matter on which she or he was expected to testify. Plaintiff's disclosure of Dr. Marc Maskowitz provides a representative example:

> Dr. Marc Maskowitz, M.D. is a treating physician and treated Plaintiff in regards to pain management in regards to injuries resulting from the incident.  Dr. Maskowitz is expected to testify as to Plaintiff's diagnoses, treatment, and prognosis for the future.  Dr. Maskowitz will discuss the care and treatment provided to the Plaintiff, how it causally relates to the incident, how treatment was necessary, and the necessity of future care and treatment.  Dr. Mascowitz [sic] may also testify as to the imaging Plaintiff underwent, including, but not limited to, interpreting the imaging. Dr. Mascowitz [sic] may be called to authenticate Plaintiff's medical records and provide testimony in regards to reasonableness of billing.

Id. at 18.

However, plaintiff failed to provide any indication of the actual "facts and opinions" to which Dr. Maskowitz, or any of her other non-retained experts, would testify.  Under Rule 26(a)(2)(C), disclosures for non-retained experts must state: "(i) the subject matter on which

the witness is expected to present evidence . . . ; ***and*** (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C) (emphasis added); Burreson v. BASF Corp., No. 2:13-cv-0066 TLN AC, 2014 WL 4195588, at *5, 2014 U.S. Dist. LEXIS 117590, at *12 (E.D. Cal. Aug. 22, 2014) ("The summary required by Rule 26(a)(2)(C) must include both a statement of the subject matter on which the witness is expected to offer an opinion and 'a summary of the facts and opinions to which the witness is expected to testify.'"). The summaries of non-retained experts' testimony are designed to be "considerably less extensive" than those required under Rule 26(a)(2)(B), and courts "must take care against requiring undue detail." Adv. Comm. Notes to 2010 Amendments. However, plaintiff's non-retained expert disclosures here provide not even a hint as to what "facts and opinions" their testimony will convey.

"An opposing party should be able (and be entitled) to read an expert disclosure, determine what, if any, adverse opinions are being proffered and make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed." Burreson, 2014 WL 4195588, at *5, 2014 U.S. Dist. LEXIS 117590, at *13-14. Taking the Maskowitz disclosure as an example, the provided summary does not reveal what plaintiff's diagnoses or treatments actually were, what care she received, why Dr. Maskowitz believes the incident caused her injuries, or what his interpretation of the imaging studies actually is. As written, it is impossible for defendant to tell what next steps might be beneficial in preparing for trial. These disclosures do not satisfy either the letter of Rule 26(a)(2)(C), or its underlying policy. See Pineda v. City & Cty. of S.F., 280 F.R.D. 517, 523 (N.D. Cal. 2012) (finding insufficient under Rule 26(a)(2)(C) a disclosure stating that non-retained treating physicians "will present factual and opinion testimony on causation, diagnosis, prognosis, [and] extent of [plaintiff's] disability" based on a review of plaintiff's medical records).

Plaintiff does not argue that any noncompliance with respect to her non-retained experts was substantially justified, and the court cannot find substantial justification on this record. In its June 7 order, the court explained the dual requirements of Rule 26(a)(2)(C) and noted that plaintiff's original disclosures were deficient in terms of both subject matter disclosure and

9

fact/opinion summary. ECF No. 17 at 5-6. Plaintiff was given the opportunity to cure these deficiencies and has come up well short of the mark.

The failure to summarize the facts and opinions to which plaintiff's non-retained experts would testify also was not harmless. For all of the reasons discussed in relation to Mr. Black's disclosure (save the ability to depose the experts), the Wendt factors also favor exclusion of plaintiff's non-retained experts.

C. Exclusion of Expert Opinions by Mr. Black and All Non-Retained Experts Is Warranted

Based on the foregoing analysis, Mr. Black and all of the non-retained experts listed in plaintiff's amended expert disclosures will be excluded as expert witnesses.[2] The court recognizes this is a harsh sanction, but the harshness of the consequence does not necessarily obviate Rule 37(c)(1)'s "automatic" application. See Yeti, 259 F.3d at 1106 ("Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded."). The Ninth Circuit has held that where an exclusionary sanction "amount[s] to dismissal of a claim," the district court must consider whether the claimed noncompliance involved "willfulness, fault, or bad faith," and the availability of lesser sanctions. R & R Sails, Inc., 673 F.3d at 1247.

In this case, the court does not believe excluding Mr. Black and the non-retained experts is tantamount to dismissal because plaintiff will still be able to offer opinions from treating physician Dr. Jamali and damages expert Ms. Apuna-Grummer, and she can testify to her own pain and suffering. Given plaintiff's suggestion that Mr. Black's intended use was for rebuttal purposes, it is not at all clear that plaintiff was relying on Mr. Black's expert testimony to prove her negligence claim. However, even if the exclusion of most of plaintiff's expert witnesses might amount to a dismissal of that claim, the court finds that plaintiff's noncompliance with the original scheduling order and the court's June 7 discovery order manifests the requisite fault to

---

[2] Each of the witnesses precluded from offering expert testimony may, of course, testify as fact witnesses to the extent permitted by the trial judge. A fact witness is a witness whose testimony is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

support case-dispositive sanctions. See Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981) (concluding that party's "repeated failure to comply with the discovery request and the court's orders manifested the requisite fault" to justify Rule 37 dismissal sanction).

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike plaintiff's amended expert disclosure (ECF No. 23) is GRANTED in part, and DENIED in part;

2. The following individuals are excluded as expert witnesses, pursuant to Rule 37(c)(1): Alvaro Aguirre, P.A.; Dr. Brandon Slockbower, M.D.; Dr. Bahram Varjavand, M.D., Ph.D.; Dr. Robert Hulbert, D.C.; Dr. Roy Martinez, M.D.; Dr. David Stoller, M.D.; Dr. Gina Creutzberg, M.D.; Dr. Marc Maskowitz, M.D.; Mark Hansberry, PT; Shawn Burger, PT; Dr. Santi Rao, M.D.; Michael Reisman, F.N.P.; PMK and/or Treating Provider at Vibrant Care Rehabilitation; and Alan Black, PE, CSP, CFI-A; and

3. Defendant shall have 30 days from the date of entry of this order to serve plaintiff with any rebuttal expert witness disclosures solely for the purpose of rebutting non-stricken expert witnesses Dr. Amir Jamali and/or Dorajane Apuna-Grummer.

IT IS SO ORDERED.

DATED: June 24, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE