UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN KRAUSE, | No. 2:18-cv-00928 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| HAWAIIAN AIRLINES, INC., | |
| Defendant. | |

This matter is before the court on plaintiff's motion to serve additional interrogatories above the standard limit. ECF No. 29. This discovery motion was referred to the undersigned pursuant to Local Rule 302(c)(1) and was taken under submission pursuant to Local Rule 230(g). Upon review of the record and the parties' joint statement and supporting papers, the motion will be DENIED for the following reasons.

**I.   Relevant Background**

Plaintiff filed this personal injury action in state court in February 2018. ECF No. 1.1. The four-page complaint asserts a single count of negligence against defendant Hawaiian Airlines ("Hawaiian"), claiming that plaintiff was injured during a March 2016 Hawaiian Airlines flight when an interior panel on the aircraft fell from the ceiling onto her during landing. ECF No. 1.1 at 4. Plaintiff alleges that Hawaiian is liable for failing to properly maintain and inspect the aircraft. Id. In April 2018, Hawaiian answered and removed the action to this court. ECF Nos. 1, 1.2.

In November 2018, Hawaiian's counsel sent two emails to plaintiff's counsel to inform them that Hawaiian would be dissolving its fleet of Boeing 767s, including the aircraft at issue in this case, and that the aircraft would not be available for physical inspection after December 31, 2018. ECF No. 32.2 at 126. Having received no response to either email, on December 3, 2018, Hawaiian's counsel followed up again by email, fax, and mail. Id. at 125. The same day, plaintiff's attorneys responded by email, initiating a two-week-long email chain between the parties as to when and where to arrange a time for plaintiff's expert to inspect the aircraft. Id. at 114-23. Right away, Hawaiian's counsel requested the number of people who would be inspecting and a "detailed inspection protocol" to be agreed upon in advance. Id. at 122. Plaintiff's counsel requested a one-hour inspection in Sacramento or San Francisco, not in Hawaii, as defense counsel had originally required. Id. at 122. The parties argued over whether Hawaiian had a duty to preserve the aircraft past the scheduled dissolution date, and Hawaiian's counsel informed plaintiff that Hawaiian did not intend to alter its dissolution plans. Id. at 118-22. On December 12, 2019, Hawaiian's counsel emailed plaintiff's counsel that the aircraft would be arriving at the Sacramento airport on the evening of December 20. Id. at 116.

Five days later, on the afternoon of December 17, plaintiff's counsel responded saying that they had arranged for an expert to potentially inspect the plane on December 20. Id. at 115-16. Hawaiian's counsel immediately responded that it might be too late to schedule the inspection with less than three days' notice, observing that he had heard nothing for the past five days, he had not received a formal discovery request, and that he still had not received the requested inspection protocol. However, defense counsel said he would inquire with Hawaiian whether the inspection could still be scheduled, adding that if December 20th was no longer an option, the only alternative option would be between January 1-17 in Honolulu. Id. at 114-15. The email chain concludes with a December 18 email from Hawaiian's counsel confirming that Hawaiian could not accommodate the inspection on the 20th with such late notice. Id. at 114. The court is unaware of subsequent discussions between the parties about the aircraft but understands that the plane has since been sold.

According to plaintiff, in April 2019 she served her first set of discovery requests,

including requests for admission, requests for production, and 33 interrogatories (ECF No. 25.1 at 6-33). Hawaiian contends that it did not receive any written discovery requests until May 2019, less than a month before the original discovery deadline of June 21, 2019; therefore, it did not respond until after the deadline was extended and a protective order was entered. Joint Statement, ECF No. 32 ("JS") at 4; see June 19, 2019 Order (ECF No. 22).

On April 19, 2019, Hawaiian served plaintiff with its expert disclosures, in compliance with the original scheduling deadline. JS at 4, 11. Included therein was a detailed Preliminary Report on the flight incident by Hawaiian's liability expert, C. Dennis Moore. ECF No. 32.2 at 84-111. As relevant, Moore's report identified the aircraft by model, registration, and serial number; identified the interior panel by Supplemental Type Certificate number; included photos of the aircraft and panel; documented the installation, inspection, and maintenance of the panel; and identified and explained the applicable inspection and maintenance documents. Id. at 87, 93-101. According to Moore, Hawaiian met or exceeded the inspection and maintenance requirements for the panel at issue; however, he found that "latches that do not have any obvious defect can release with the right motion of the ceiling panel, despite not being intentionally released." Id. at 90-91, 102.

On July 16, 2019, after several intervening discovery-related motions, plaintiff filed the instant motion to exceed the standard number of interrogatories and serve 16 additional interrogatories. ECF No. 29. On July 19, 2019, Hawaiian served amended responses to all of plaintiff's previous discovery requests. JS at 3. Hawaiian responded to plaintiff's first 25 interrogatories, 58 requests for admissions, and 16 requests for production of documents. JS at 11; ECF No. 32.2 at 4-82. Hawaiian produced 1104 pages of documents with its responses to plaintiff's requests for production, which include "reports, maintenance records, schematics, certifications," and all the documents that its liability expert, Dennis Moore, relied upon in his expert report. JS at 11. On July 29, 2019, Hawaiian also provided verifications for its amended responses to Special Interrogatories Set One. JS at 3.

Currently, almost three months remain until the extended discovery cut-off in this case. Within that time, Hawaiian has stipulated that it will produce for deposition its liability expert, a

3

Rule 30(b)(6) representative witness, and "all the fact witnesses employed by Hawaiian." JS at 4.

## II. Motion

Plaintiff moves to exceed the standard limit of 25 interrogatories, pursuant to Federal Rule of Civil Procedure 33. As stated, Hawaiian has now responded to the first 25 of the 33 interrogatories plaintiff originally propounded in Special Interrogatories Set One. With this motion, plaintiff requests leave to serve 16 additional interrogatories (8 of which were included but not answered in Set One), for a total of 41. ECF No. 29. Plaintiff argues that the additional interrogatories are necessary because of Hawaiian's failure to preserve the aircraft and the ceiling panel for inspection, and because she requires the answers to prepare an anticipated motion for spoliation sanctions. JS at 2, 7. Plaintiff acknowledges that, since filing this motion, Hawaiian has served amended discovery responses and verifications for its existing interrogatory responses, so "some of the information contained in Special Interrogatory Set Two may be duplicative." However, plaintiff maintains that verified responses to the additional interrogatories are still necessary. JS at 3.

## III. Analysis / Summary of the Evidence

A. <u>Legal Standards</u>

Federal Rule 33(a)(1) states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." The Advisory Committee Notes specify that the aim of the limitation "is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." Adv. Comm. Notes to Rule 33 (1993 Amend.). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Under Rule 26(b)(2), the court "must limit the frequency or extent of discovery" if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is

outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

B. <u>Proposed Additional Interrogatories</u>

Plaintiff requests leave to serve the following 16 additional interrogatories (really, 15 in light of an errant duplicate), which the court has grouped into categories for ease of analysis:

**<u>Interrogatories Nos. 26, 27, and 28:</u>**

<u>SPECIAL INTERROGATORY NO. 26</u>:

Provide any and all facts YOU are aware of that YOU believe substantiate each and every one of the affirmative defenses YOU raised on YOUR Answer to the Compliant. [sic]

<u>SPECIAL INTERROGATORY NO. 27</u>:

Provide the name, address, and telephone number for each and every witness who can substantiate YOUR response to the previous interrogatory.

<u>SPECIAL INTERROGATORY NO. 28</u>:

IDENTIFY any and all DOCUMENTS YOU have that substantiate YOUR response to Special Interrogatory No. 26.

**<u>Interrogatories Nos. 29, 30, and 31:</u>**

<u>SPECIAL INTERROGATORY NO. 29</u>:

Please describe in specific detail the process that goes into the safety inspections YOU perform in the passenger compartment of YOUR aircrafts to ensure they are safe for YOUR passengers.

<u>SPECIAL INTERROGATORY NO. 30</u>:

IDENTIFY any and all DOCUMENTS YOU have that substantiate YOUR response to Special Interrogatory No. 29.

<u>SPECIAL INTERROGATORY NO. 31</u>:

IDENTIFY the person most knowledgeable with regard to the actual inspection of the subject panel prior to, or subsequent to the incident.

////

////

////

////

**Interrogatories Nos. 32, 33**:

SPECIAL INTERROGATORY NO. 32:

IDENTIFY any and all manuals pertaining to the proper maintenance and inspection of the subject vehicle with specific regard to the panel related to this incident.

SPECIAL INTERROGATORY NO. 33:

IDENTIFY the person most knowledgeable with regard to the proper procedure with regard to the inspection of the subject vehicle, with specific regard to the panel involved in the incident.

**Interrogatory Nos. 34, 36**:

SPECIAL INTERROGATORY NO. 34:

IDENTIFY the whereabouts of the subject aircraft to include:

(a) The name of the present owner

(b) The address of the planes present location [sic]

(c) The telephone number to contact the present owner

(d) The name of the point of contact for setting up an inspection of the vehicle

SPECIAL INTERROGATORY NO. 36:

Please provide the subject planes [sic] identification number, so that it can be used to locate the subject plane with the present owner.

**Interrogatory No. 35:**[1]

SPECIAL INTERROGATORY NO. 35:

Is your response to each request for admission set one an unqualified admission? If not, for each response that is not an unqualified admission:

(a) State the number of the request;

(b) State all facts upon which you base your response;

(c) State the names, addresses, and telephone numbers for all persons who have knowledge of those facts; and

////

---

[1] Plaintiff acknowledges that Interrogatories No. 35 and 37 are nearly identical and were submitted twice in error. She asks the court to grant the motion as to No. 35 only. JS at 20.

(d) Identify all documents and other tangible things that support your response and state the name, address, and telephone number of the person who has each document or thing.

**Interrogatory Nos. 38, 41:**

<u>SPECIAL INTERROGATORY NO. 38</u>:

Please provide the name and contact information of each and every person who you are aware of that witnessed the subject incident.

<u>SPECIAL INTERROGATORY NO. 41</u>:

Please identify the crew that was working the subject flight. Please provide all contact information for each member of the crew.

**Interrogatories Nos. 39, 40**:

<u>SPECIAL INTERROGATORY NO. 39</u>:

At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so. for each policy state:

(a) the kind of coverage;

(b) the name and ADDRESS of the insurance company:

(c) the name, ADDRESS, and telephone number of each named insured,

(d) the name and ADDRESS of the insurance company:

(e) the policy number;

(f) the limits of coverage for each type of coverage contained in the policy;

(g) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(h) the name. ADDRESS, and telephone number of the custodian of the policy.

<u>SPECIAL INTERROGATORY NO. 40</u>:

Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

////

C. Discussion

Many courts considering requests to exceed the standard limits for the number of interrogatories or depositions—including this court—have required the party requesting additional interrogatories or depositions to "make a 'particularized showing' as to why additional discovery is necessary" before proceeding to evaluate whether the request is consistent with Rule 26(b)(2). Waterbury v. Scribner, No. 1:05-CV-0764 OWW DLB PC, 2008 WL 2018432, at *8 (E.D. Cal. May 8, 2008) (citing Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999)); see, e.g., Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc., No. 2:17-CV-01515-KJM-AC, 2019 WL 1437767, at *2 (E.D. Cal. Apr. 1, 2019) ("A party seeking leave of court to exceed 10 depositions must make a "particularized showing" why the discovery is necessary under Rule 26."); Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc., No. 2:17-CV-01515-KJM-AC, 2018 WL 5993585, at *1, 4 (E.D. Cal. Nov. 6, 2018) (same); Couch v. Wan, No. 1:08-CV-1621 LJO DLB, 2011 WL 4499976, at *1 (E.D. Cal. Sept. 27, 2011).

However, recognizing that this "particularized showing" standard does not appear in the text of the rules themselves, many courts have also eschewed imposing this heightened burden on parties seeking to exceed the default discovery limits. See City of Lincoln v. United States, No. 2:16-CV-01164-KJM-AC, 2018 WL 3917711, at *8 (E.D. Cal. Aug. 16, 2018) (noting that "many courts have not relied on a 'particularized showing' standard, a standard developed by federal district courts," and collecting cases; further finding that, regardless, the requesting party in that case had made a particularized showing); Vazquez v. Kraft Heinz Foods Co., No. 16-CV-2749-WQH (BLM), 2018 WL 1898558, at *3 (S.D. Cal. Apr. 19, 2018); Pitkin v. Corizon Health, Inc., No. 3:16-CV-02235-AA, 2018 WL 1336047, at *2 (D. Or. Mar. 13, 2018). These courts rely, as does plaintiff, on Laryngeal Mask Co. Ltd. v. Ambu A/S, No. 3:07-CV-01988 DMS NLS, 2009 WL 10672436 (S.D. Cal. July 17, 2009), in which the court declined to adopt a "particularized showing" requirement. Id. at *4. In Laryngeal, the court noted that "[t]he plain language of the Rules and the Advisory Committee Notes do not require a particularized showing," but rather "consisten[cy] with Rule 26(b)(2)." Id.; see also Fed. R. Civ. P. 33(a)(1)

(leave to serve additional interrogatories "may be granted to the extent consistent with Rule 26(b)(1) and (2)"). Rule 26(b)(2), in turn, "requires that the court apply a benefits versus burden approach and ensure that the discovery is not unreasonably cumulative or duplicative." Laryngeal, 2009 WL 10672436 at *4.

Regardless, in this motion plaintiff has failed to satisfy even the baseline standard of consistency with Rule 26(b)(2)(C). The court concludes that the proposed additional interrogatories would be unreasonably cumulative and duplicative, the information requested can be obtained from other sources (if it has not already been obtained), and plaintiff has had ample opportunity to obtain the information already in this action.

Initially, the court finds disingenuous plaintiff's stated reasons for requiring additional interrogatories. Only two of the sixteen proposed interrogatories (Nos. 34 and 36) relate to the alleged spoliation, i.e., the aircraft's transfer of ownership. The remainder are of a more typical sort, and the court cannot see why increased difficulty with inspecting the aircraft should warrant their allowance. Further, even if the aircraft were readily available for inspection, the court has already stricken the aviation/liability expert plaintiff attempted to designate, and the expert witness deadline has expired for plaintiff. ECF No. 26. Therefore, the availability or unavailability of the aircraft does not factor into the court's decision of this motion.

*1. Interrogatory Nos. 26, 27, and 28*

As to Interrogatory Nos. 26, 27, and 28, which seek information regarding Hawaiian's affirmative defenses, the court finds these interrogatories unwarranted because plaintiff had ample opportunity to inquire after this information in its initial set of interrogatories. See Rule 26(b)(2)(C)(ii). While it is true that Hawaiian did not provide any information as to its affirmative defenses in its Amended Responses to Interrogatories Set One, that is because plaintiff *did not ask* for such information in its first 25 interrogatories. See Phillips & Stevenson, *Fed. Civ. Pro. Before Trial*, 11:1694-95 (Rutter Group 2019) (when challenging excess interrogatories, the "most practical approach is for the responding party to answer the first 25 interrogatories and then object to the balance"). Plaintiff has had Hawaiian's answer since April 2018 and could easily have included questions about its affirmative defenses in the initial set of

9

interrogatories. See Sterr v. Baptista, No. S CIV 08-2307 DOC, 2009 U.S. Dist. LEXIS 134162, at *3 (E.D. Cal. June 26, 2009) (denying motion for additional interrogatories about affirmative defenses where plaintiff had defendant's answer before sending interrogatories and should have included the interrogatories in the initial set).

### 2. *Interrogatory Nos. 29-33*

Interrogatory Nos. 29-33 are all directed toward determining Hawaiian's safety inspections and procedures, both generally and with respect to the subject panel, as well as seeking to identify "the person most knowledgeable" (PMK) regarding those subjects. The court finds these interrogatories overbroad and unreasonably duplicative. See Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). Nos. 29 and 30 address the process for safety inspections of passenger cabins in all of Hawaiian's flights, without limitation—a very broad request. Moreover, Hawaiian has already addressed Nos. 29, 30, and 32 (regarding manuals identification) both in its April 2019 expert report and in its detailed Amended Response to Interrogatory No. 9. ECF No. 32.2 at 11-12, 87-103. As to the requested identification of a PMK about these subjects in Nos. 31 and 33, the court expects that Hawaiian's designated Rule 30(b)(6) representative deponent will be able to speak to those topics adequately.

As to Interrogatory Nos. 31 and 33, the motion will be denied without prejudice to renewal, should the Rule 30(b)(6) deposition not provide information as to the actual inspection of the subject panel or the proper procedure for its inspection. See E.E.O.C. v. Dawes Cty., No. 8:07-CV-376, 2008 WL 2513755, at *3 (D. Neb. June 19, 2008) (denying leave without prejudice, should Rule 30(b)(6) deposition prove insufficient to allow plaintiff opportunity to obtain all the information it seeks).

### 3. *Interrogatory Nos. 34 & 36*

Interrogatory Nos. 34 and 36 have both been sufficiently answered by Hawaiian's amended responses to plaintiff's discovery requests. Plaintiff now has the name, address, and phone number of the entity that currently owns the aircraft, as well as the aircraft's registration and serial numbers. JS at 18, 21. The undersigned does not see the necessity of an oath as to the accuracy of this information, but to the extent plaintiff required verification, counsel's signature

10

on the joint statement should alleviate any concerns regarding its veracity. See Fed. R. Civ. P. 11(b).

### 4. *Interrogatory No. 35*

Interrogatory No. 35 requests—as to all of plaintiff's 58 requests for admissions that are not unqualified admissions[2]—all supporting facts, witnesses to those facts, and supporting documents and contact information for the documents' possessor. "Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based . . . essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a)." Safeco of Am. v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citing 8A Wright, Miller & Marcus, Fed. Prac. & Pro. § 2252, at 524–25). This interrogatory is improper and unreasonably burdensome.

### 5. *Interrogatory Nos. 38 & 41*

Interrogatory Nos. 38 and 41 request the names and contact information for all crew members working the subject flight, and for any person who it is aware of having witnessed the incident. In response, Hawaiian states that it has produced the incident report setting forth the names of the crew members, and that plaintiff may contact these crew members through Hawaiian's counsel. JS at 22, 25. In its amended response to Interrogatory No. 1, Hawaiian stated that "no one from Hawaiian Airlines' crew witnessed the subject panel fall on plaintiff's head." ECF No. 32.2 at 5. While this response does not answer the question of whether Hawaiian is aware of any passengers who may have witnessed the incident, the court declines to permit No. 38 in light of the upcoming depositions of further Hawaiian fact witnesses.

### 6. *Interrogatory Nos. 39 & 40*

Interrogatory Nos. 39 and 40 request specific information regarding Hawaiian's insurance

---

[2] Based on the court's brief review, it appears there are few, if any, unqualified admissions.

policies and whether Hawaiian self-insured. Plaintiff argues that Hawaiian's insurance coverage is "highly relevant to this personal injury case," but does not substantiate that statement. The court notes that in its amended responses to plaintiff's requests for production, Hawaiian responded to a request for insurance documents "that it has sufficient liability insurance to satisfy any judgment which may be entered against it in this action." ECF No. 32.2 at 35. As plaintiff has not explained the relevance, the court does not find these interrogatories consistent with Rule 26(b)(2).

**Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to exceed discovery limitations (ECF No. 29) is DENIED. The motion is denied without prejudice with respect to Interrogatory Nos. 31 and 33.

IT IS SO ORDERED.

DATED: August 7, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE