UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN KRAUSE,<br><br>    Plaintiff,<br><br>    v.<br><br>HAWAIIAN AIRLINES, INC.,<br><br>    Defendant. | No. 2:18-cv-00928-JAM-AC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD DEFENDANTS DELTA ENGINEERING AND HEATH TECNA AND AMEND PRE-TRIAL SCHEDULING ORDER** |

On February 26, 2018, Gwen Krause filed a suit against Hawaiian Airlines, Inc. ("Hawaiian") in Sacramento County Superior Court alleging negligence. Compl., ECF No. 1-1. Defendant removed the case to federal court. Notice of Removal, ECF No. 1. Plaintiff now moves to amend her complaint and modify the pretrial scheduling order. Mot., ECF No. 37. Defendant opposes Plaintiff's motion. Opp'n, ECF No. 38.

For the reasons set forth below, the Court DENIES Plaintiff's motion to amend.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 8, 2019

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On March 27, 2016, an interior panel on Defendant's aircraft fell from the ceiling and struck Plaintiff on the head. Compl. ¶ 12. Plaintiff contends Defendant failed to: (1) maintain the aircraft in a condition reasonably safe under the circumstances; (2) reasonably inspect the aircraft; and (3) observe due care and precaution. Compl. ¶ 15.

Plaintiff filed suit two years later. Defendant removed the case to federal court. Through the course of discovery, Plaintiff received the initial disclosure of Defendant's expert. Mot. at 4. This April 2019 disclosure revealed that Defendant was attempting to shift liability to Delta Engineering, Inc. ("Delta Engineering") and Heath Tecna, Inc. ("Heath Tecna") for the design and manufacture of the panel and the panel's latch. Mot. at 4. Five months later, Plaintiff filed a motion to amend the complaint to add Delta Engineering and Heath Tecna as defendants and amend the pretrial scheduling order to allow Plaintiff and the new potential defendants to conduct discovery. Mot. at 11.

II. OPINION

A. Legal Standard

Once the Court has filed a pretrial scheduling order, a party's motion to amend is not solely governed by Federal Rule of Civil Procedure 15. Rather, the moving party must satisfy Rule 16(b)'s "good cause" requirement before the Court will assess the propriety of the amendment under Rule 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

This requirement primarily looks to "the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "[T]he existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." Id. But, unlike the Rule 15 analysis, "the focus of the [Rule 16] inquiry is upon the moving party's reasons for seeking modification [of the schedule]." Id. If the "[moving] party was not diligent, the inquiry should end." Id.

    B.    Analysis

        1.    Rule 16(b)

The "good cause" requirement is typically not met "where the party seeking to modify the pretrial scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." Id. at 737. Indeed, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 610.

The motion to amend at issue here bears striking similarities to the one before the Ninth Circuit in Johnson. In Johnson, the plaintiff sued Mammoth Recreations, Inc. after a ski-lift accident. 975 F.2d at 606. On two occasions prior to the scheduling order's deadline for joining additional parties, the defendant told plaintiff that Mammoth Mountain Ski, not Mammoth Recreations, owned and operated the ski lift. Id. at 606-07. Mammoth Recreations even offered to stipulate to a substitution of the proper party. Id. at 607. Nonetheless, Johnson failed to file a motion to amend his complaint until four months after the scheduling order's deadline for joining

parties. Id. at 607.  The Court denied Johnson's motion to amend, finding that his failure to "heed clear and repeated signals that not all necessary parties had been named in the complaint [did] not constitute diligence." Id. at 609.

Like the defendant in Johnson, Hawaiian Airlines unambiguously alerted Plaintiff to the existence of an alternative defendant.  And like the plaintiff in Johnson, Plaintiff failed to amend her complaint in a timely manner.  In April 2019, Defendant timely served expert disclosures on Plaintiff.  Opp'n, ECF No. 38 at 4.  A quick scan over page one of Defendant's liability expert's report should have placed Plaintiff on notice of the two potential installation and manufacturer defendants.  Exh. A to Opp'n at 1.  The second paragraph of the report plainly states that Delta Engineering is the "[Supplemental Type Certificated "STC"] holder for the interior installation" and that Heath Tecna is the "designer and manufacturer of the components used in the installation." Id. An STC is a certificate issued when an applicant has received Federal Aviation Administration ("FAA") approval to modify an aeronautical product from its original design. Supplemental Type Certificates, Federal Aviation Administration (Oct. 7, 2019, 12:30 PM), https://www.faa.gov/ aircraft/air_cert/ design_approvals/stc/.

The report goes on to allege the following significant facts: (1) Hawaiian Airlines did not manufacture or design the replacement interior; (2) The interior was installed by Delta Engineering; (3) As the STC holder, Delta Engineering is responsible for, among other things, the design of the interior,

reporting of problems to the FAA, and the creation and maintenance of inspection requirements for the interior; and (4) Heath Tecna manufactured the parts, created the parts catalog and maintenance manual, and issued service letters and bulletins. Exh. A to Opp'n at 4. Thus, the report, in no uncertain terms, attempts to shift liability from Defendant to Delta Engineering and Heath Tecna for the design, manufacture, and maintenance of the panel latch at issue.

Plaintiff argues her "attempt[s] to gather further information under Defendant's theory of liability as to the manufacture and design of the panel" caused her five-month delay. Mot. at 5. The Court finds this argument unconvincing given all the information provided to Plaintiff in Defendant's expert report. Beyond the information mentioned above, the report goes on to explain that Delta Engineering produced Instructions for Continued Airworthiness and Heath Tecna produced a Maintenance Manual. Id. at 4. It alleges that Defendant complied with all the requirements set forth by Delta Engineering and Heath Tecna. Id. at 5.

Put simply, the expert report contained more than enough information to allow Plaintiff to "state a claim for relief that [was] plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). No additional discovery was needed, as evidenced by the fact that Plaintiff did not, in the end, acquire any additional discovery prior to filing her motion to

amend.

In sum, Plaintiff knew Delta Engineering was responsible for installing the interior of the airplane, and that Health Tecna designed and manufactured the components used in the installation, as early as April 2019.  Further, Plaintiff received enough information about these potential defendants to make out plausible allegations against them in an amended complaint.  But Plaintiff waited until September of 2019 to file her motion to amend the original complaint.  Five months of inaction without a valid reason for the delay prevent Plaintiff from making the requisite showing of "good cause."  Accordingly, the Court finds that Plaintiff has not satisfied Rule 16(b)'s requirements.

Because Plaintiff failed to show good cause to amend the pretrial scheduling order under Rule 16(b), the Court need not address whether the amendment to the complaint is proper under Rule 15.

III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Amend the Complaint and the Pretrial Scheduling Order.

IT IS SO ORDERED.

Dated: October 11, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE